IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK TOPITS**, <br><br> Plaintiff, <br><br> v. <br><br> **LIFE INSURANCE COMPANY OF NORTH AMERICA, A CIGNA COMPANY,** <br><br> Defendant. | Case No. 3:12-cv-00661-ST <br><br> **OPINION AND ORDER** |

Megan E. Glor and John C. Shaw, Megan E. Glor, Attorneys at Law, P.C., 621 S.W. Morrison Street, Suite 900, Portland, OR 97205. Attorneys for Plaintiff.

William T. Patton and D. Michael Reilly, Lane Powell P.C., 601 S.W. Second Avenue, Suite 2100, Portland, OR 97204. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

The Employee Retirement Income Security Act ("ERISA") provides that an ERISA plan "participant" may bring a civil action in federal court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). Plaintiff Mark Topits ("Mr. Topits") brings this action to challenge the decision made by Defendant Life Insurance Company of North America ("LINA"), a CIGNA Company, denying him long-term disability ("LTD") benefits under the terms of the Hawthorn Retirement Group LLC (previously named

PAGE 1 – OPINION AND ORDER

XL Management Group LLC) LTD Benefits Plan (the "Plan"), funded through a policy of insurance issued by LINA effective March 1, 2007.

Mr. Topits worked as a maintenance director for XL Management Group LLC, a property management company based in Bend. He asserts that he is totally disabled under the terms of the Plan due to the cumulative effects of a stem cell transplant sequelae, including chronic graft versus host disease ("GVHD"), bronchiolitis obliterans, and an incompletely reconstituted immune system. LINA argues that the medical evidence does not establish that Mr. Topits is totally disabled. Mr. Topits and LINA filed cross-motions pursuant to Rule 52 of the Federal Rules of Civil Procedure, or in the alternative, cross-motions for summary judgment under Rule 56. Dkts. 18, 33. For the reasons stated below, the Court concludes that Mr. Topits is entitled to LTD benefits under the terms of the Plan.

Judge Stewart issued Findings and Recommendation ("F&R") in this case on April 11, 2013. Dkt. 48. Judge Stewart recommended that: (1) Mr. Topits' motion for judgment under Rule 52 or, in the alternative, for summary judgment under Rule 56 (Dkt. 18) be granted; (2) LINA's cross-motion and alternative motion (Dkt. 33) be denied; (3) a judgment in favor of Mr. Topits be entered; and (4) a hearing set for Mr. Topits to present evidence to justify awarding prejudgment interest at a rate higher than prescribed under 28 U.S.C. § 1961. Dkt. 48.

LINA timely filed objections to Judge Stewart's F&R (Dkt. 52), to which Mr. Topits responded. Dkt. 63. LINA objects to the entirety of the F&R on two grounds. First, LINA argues that Magistrate Judge Stewart lacked jurisdiction to conduct a bench trial on the administrative record in a "non-consent" case. Second, LINA contends that, on the merits, LINA properly discontinued Mr. Topits' LTD Benefits as of May 1, 2011.

PAGE 2 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), and "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). "Absent such consent, however, the magistrate judge lacks jurisdiction, and any judgment entered is a nullity." *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001) (holding that a magistrate judge had jurisdiction by consent over a class action in a civil rights suit); *see also Aldrich v. Bowen*, 130 F.3d 1364, 1365 (9th Cir.1997) (holding that the magistrate judge's dismissal of claims under Fed. R. Civ. P. 41(a)(1) and (a)(2) was invalid and that "[b]ecause the magistrate judge acted without jurisdiction, the judgment is a nullity"); *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir.1993) (holding that a magistrate judge's judgment over a motion for attorney's fees without consent is a nullity). Consent under 28 U.S.C. § 636(c)(1) may be based on the express or implied actions of a litigant. *Wilhelm v. Rotman*, 680 F.3d 1113, 1120 (9th Cir. 2012) (holding that the court could infer consent where a party did not object to jurisdiction and then appeared before the magistrate judge). In this case, however, LINA submitted a letter to the magistrate judge expressly noting that this "is not a consent case." Dkt. 53-1 at 2.

Accordingly, this Court has considered the parties' arguments on the merits *de novo*. This standard of review is consistent with the applicable ERISA benefits standard of review. *See infra*. The Court has reviewed the parties' submissions both to the Magistrate Judge and to this Court on the pending cross motions, the administrative record, and the analysis set forth in the F&R. To the extent this Court agrees with the analysis in the F&R, it adopts the F&R by reference, rather than repeat identical findings of fact and conclusions of law.

## DISCUSSION

### A. Findings of Facts

The Court ADOPTS as its own the Findings of Fact from the F&R. Dkt. 48 at 3-13.

PAGE 3 – OPINION AND ORDER

B.  Conclusions of Law

    1.  Legal Standards

An ERISA plan that does not contain language conferring discretion on the plan administrator is subject to a *de novo* standard of review. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S., 101, 109, 115 (1989); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). Here, the Plan does not confer discretion on the plan administrator. AR 1-26. Dkt. 21-1. Furthermore, the parties agree that a *de novo* standard of review applies in this case. Dkt. 19 at 11-12; Dkt. 34 at 16.

"When conducting a *de novo* review of the record, the court does not give deference to the claim administrator's decision, but rather determines in the first instance if the claimant has adequately established that he or she is disabled under the terms of the plan." *Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1295-96 (9th Cir.2010). The trial court performs an "independent and thorough inspection" of the plan administrator's decision in order to determine if the plan administrator correctly or incorrectly denied benefits. *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006). *De novo* review permits the trial court to "evaluate the persuasiveness of conflicting testimony and decide which is more likely true." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999). Furthermore, under *de novo* review "the burden of proof is placed on the claimant." *Id.* at 1294; *see also Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir.1998) (the claimant "bears the burden of proving his entitlement to contractual benefits").

Here, the parties move in the alternative for judgment on the record or summary judgment. Dkts. 18, 33. A trial on the administrative record, which allows a court to make factual findings, evaluate credibility, and weigh evidence, is the appropriate proceeding to resolve the dispute. *See Rabbat v. Standard Ins. Co.*, 894 F. Supp. 2d 1311, 1314 (D. Or. 2012); *see also*

PAGE 4 – OPINION AND ORDER

*Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994) (on *de novo* review of an ERISA benefits claim, the "appropriate proceeding[ ] . . . is a bench trial and not the disposition of a summary judgment motion"); *Lee v. Kaiser Found. Health Plan Long Term Disability Plan*, 812 F. Supp. 2d 1027, 1032 (N.D. Cal. 2011) ("*De novo* review on ERISA benefits claims is typically conducted as a bench trial under Rule 52."); *but see Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 517 (1st Cir.2005) ("When there is no dispute over plan interpretation, the use of summary judgment . . . is proper regardless of whether our review of the ERISA decision maker's decision is *de novo* or deferential.").

### 2. The Court Finds that Mr. Topits is Totally Disabled

The Court ADOPTS as its own the following Conclusions of Law from the F&R: Sections I, II, III, IV, and V. Dkt. 48 at 13-20.

### 3. Pre-Judgment Interest

The Court ADOPTS as its own the following Conclusions of Law from the F&R: Section VI. Dkt. 48 at 20-22. Both parties request a hearing to present evidence regarding the actual financial losses Mr. Topits suffered as the result of LINA's withholding of LTD benefits under the Plan. The Court agrees with Magistrate Judge Stewart that there must be sufficient evidence to support a prejudgment interest rate above the rate prescribed in 28 U.S.C. § 1961. Magistrate Judge Stewart should hold a hearing for Mr. Topits to present evidence of his actual financial losses and should issue Findings and Recommendations on that question.

## CONCLUSION

The Court has considered Mr. Topits' motion for judgment on the pleadings (Dkt. 18) and LINA's cross-motion for judgment on the pleadings (Dkt. 33), pursuant to Rule 52 of the Federal Rules of Civil Procedure. The Court **DENIES** LINA's motion for judgment on the pleadings (Dkt. 33) and **GRANTS** Mr. Topits' motion for judgment on the pleadings (Dkt. 18).

PAGE 5 – OPINION AND ORDER

The Court further GRANTS the parties' joint request for a hearing on the issue of prejudgment interest, which shall be held before the Magistrate Judge.

**IT IS SO ORDERED**.

DATED this 30th day of September, 2013.

                                          /s/ Michael H. Simon
                                          Michael H. Simon
                                          United States District Judge